ORAL ARGUMENT HELD IN ABEYANCE

# No. 22-5114

---

In the

# United States Court of Appeals for the District of Columbia Circuit

---

NAVY SEAL 1; NAVY SEAL 2; NAVY SEAL 3,
*Plaintiffs-Appellees*,

NAVY SEAL 4,
*Plaintiff-Appellant*

v.

LLOYD J. AUSTIN, III, in his official capacity as Secretary of the United States Department of Defense; CARLOS DEL TORO, in his official capacity as Secretary of the United States Navy; and ADMIRAL MICHAEL M. GILDAY, individually and in his official capacity as Chief of Naval Operations,
*Defendants-Appellees*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
HONORABLE COLLEEN KOLLAR-KOTELLY
CASE NO. 1:22-cv-00688-CKK

---

## APPELLANT'S SUPPLEMENTAL BRIEF ON MOOTNESS

---

ROBERT JOSEPH MUISE, ESQ.
AMERICAN FREEDOM LAW CENTER
P.O. BOX 131098
ANN ARBOR, MICHIGAN 48113
(734) 635-3756

DAVID YERUSHALMI, ESQ.
AMERICAN FREEDOM LAW CENTER
2020 PENNSYLVANIA AVENUE NW
SUITE 189
WASHINGTON, D.C. 20006
(646) 262-0500

*Counsel for Plaintiff-Appellant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

GLOSSARY OF TERMS ........................................................................v

BACKGROUND ...................................................................................1

ISSUES PRESENTED............................................................................3

SUMMARY OF THE ARGUMENT ......................................................4

ARGUMENT ........................................................................................4

    I.    This Appeal Is Not Moot....................................................................4

    II.    The Recission of the Vaccine Mandate Proves that the Government Cannot Satisfy Strict Scrutiny .................................................10

CONCLUSION ....................................................................................12

CERTIFICATE OF COMPLIANCE....................................................14

CERTIFICATE OF SERVICE .............................................................15

i

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Adarand Constructors, Inc. v. Slater*,
528 U.S. 216 (2000)..................................................................................8, 9

*Burwell v. Hobby Lobby Stores, Inc.,*
573 U.S. 682 (2014)...................................................................................11

*City of Boerne v. Flores*,
521 U.S. 507 (1997)...................................................................................11

*City of Mesquite v. Aladdin's Castle, Inc.*,
455 U.S. 283 (1982)..................................................................................8, 9

*County of Los Angeles v. Davis*,
440 U.S. 625 (1979)......................................................................................5

*De Funis v. Odegaard*,
416 U.S. 312 (1974)......................................................................................5

*Decker v. Northwest Envtl. Def. Ctr.*,
568 U.S. 597 (2013)......................................................................................5

*Elrod v. Burns,*
427 U.S. 347 (1976)....................................................................................12

*Elzie v. Aspin*,
841 F. Supp. 439 (D.D.C. 1993) ...................................................................7

*Foretich v. United States*,
351 F.3d 1198 (D.C. Cir. 2003) ....................................................................7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ...................................................................................4-5

*Gonzales v. O Centro Espírita Beneficente União do Vegetal*,
546 U.S. 418 (2006) ...............................................................................10-11

ii

*Gordon v. Holder,
721 F.3d 638 (D.C. Cir. 2013) ................................................................12

*Jolly v. Coughlin,
76 F.3d 468 (2d Cir. 1996) ....................................................................12

*Knox v. SEIU, Local 1000,
567 U.S. 298 (2012) ...........................................................................6, 8

*Singh v. Berger,
No. 22-5234, 2022 U.S. App. LEXIS 35562 (D.C. Cir. Dec. 23, 2022) ...................7

Tandon v. Newsom,
141 S. Ct. 1294 (2021) .....................................................................11, 12

Thomas v. Review Board,
450 U.S. 707 (1981) ............................................................................11

*United States v. W. T. Grant Co.,
345 U.S. 629 (1953) .............................................................................9

**Constitution**

U.S. Const. art. III, § 2 ..........................................................................4

**Statutes/Uniform Codes**

*42 U.S.C. § 2000bb ...........................................................................10

*42 U.S.C. § 2000cc ...........................................................................10

Pub. L. No. 117-263, § 525 (Dec. 23, 2022), 136 Stat. 2395 ...................................1

Unif. Code Mil. Justice art. 15 ................................................................7

**Other**

CNN, "House passes defense bill that rescinds military Covid vaccine mandate,"
(available at https://www.cnn.com/2022/12/08/politics/house-vote-ndaa-

iii

military-vaccine-mandate/index.html)....................................................12

Fox News, "Biden administration extends COVID-19 public health emergency yet again," (available at https://www.foxnews.com/politics/biden-administration-extends-covid-19-public-health-emergency-again).................................................11

Washington Times, "Biden will sign NDAA despite repeal of the military vaccine mandate," (available at https://www.washingtontimes.com/news/2022/dec/19/biden-will-sign-ndaa-despite-its-repeal-military-v/)........................................................ 11-12

_____
\* Authorities on which we chiefly rely are marked with asterisks.

## GLOSSARY OF TERMS

| | |
|---|---|
| RFRA | Religious Freedom Restoration Act |
| SEAL | Sea, Air, Land |
| UCMJ | Uniform Code of Military Justice |

## BACKGROUND

On December 23, 2022, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (FY23 NDAA).  Section 525 of the FY23 NDAA required the Secretary of Defense to rescind the mandate that members of the Armed Forces be vaccinated against COVID-19, issued in the Secretary's August 24, 2021 memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service members."  Pub. L. No. 117-263, § 525 (Dec. 23, 2022), 136 Stat. 2395.

On January 10, 2023, the Secretary of Defense issued a memorandum rescinding his August 24, 2021 memorandum mandating the COVID-19 vaccine. In this recission memorandum, the Secretary stated, *inter alia*:

> No individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds.  The Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand.  The Secretaries of the Military Departments will further cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests.

(Sec'y Def. Memo. at 1).[1]  The Secretary's memorandum further states:

---

[1] A copy of the Secretary of Defense's memorandum was attached to the Government's letter filed with this Court on January 11, 2023.  (*See* Doc.# 1981027).

- 1 -

> Other standing Departmental policies, procedures, and processes regarding immunizations *remain in effect*. These include the ability of commanders to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation.

(Sec'y Def. Memo. at 2) (emphasis added).

The Secretary's memorandum does essentially five things: (1) it affirms that the vaccine mandate set forth in the Secretary's August 24, 2021 memorandum is rescinded; (2) it provides that no currently serving member of the Armed Forces will be "*separated* solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious" or other grounds; (3) it directs the services to "update the records" of members of the Armed Services who requested religious exemptions by "remov[ing] any adverse actions solely associated with denials of such requests, including letters of reprimand"; (4) it directs the Secretaries of the Military Departments to cease any ongoing review of requests for religious exemptions to the mandate; (5) and it ensures that existing "policies, procedures, and processes regarding immunizations remain in effect." (Sec'y Def. Mem. at 1, 2).

In a *per curiam* order issued on January 11, 2023, this Court requested that the parties file supplemental briefs addressing whether, in light of § 525 and the actions taken by the Secretary of Defense as set forth in his memorandum implementing § 525, (1) "the appeal is now moot, and (2) if not, whether or how

- 2 -

the congressional directive to rescind the vaccine mandate, and the Secretary's action doing so, affect the merits of the appeal." (Order, Jan. 11, 2023, Doc.# 1981093).

As set forth below, this appeal is not moot. And the actions of Congress and the Secretary of Defense affect the merits of this appeal in essentially two ways. First, their actions make it clear that the Government cannot satisfy strict scrutiny as there is no compelling interest for the ongoing harm to Plaintiff as a result of his religious objection to the vaccine mandate. And second, their actions merely limit the *scope* of the injunction; they do not eliminate the *need* for injunctive relief.

In the final analysis, the rescission of the vaccine mandate does not restore the *status quo ante*. Accordingly, it does not remedy the harm Plaintiff continues to suffer as a result of his religious objection to the mandate. In fact, the Secretary's memorandum expressly permits the continuation of "policies, procedures, and processes" that substantially burden Plaintiff's religious exercise. The Court should issue the requested injunction forthwith.

## ISSUES PRESENTED

I.     Whether the appeal is moot.

II.    If not, whether or how the congressional directive to rescind the vaccine mandate, and the Secretary's action doing so, affect the merits of the appeal.

- 3 -

## SUMMARY OF THE ARGUMENT

This appeal is not moot as Plaintiff has an ongoing, concrete interest in the outcome of this litigation. Moreover, the Government's voluntary cessation of its illegal conduct does not moot this case and thus does not deprive this Court of its power to grant injunctive relief as the Government is free to return to its old ways and the public has an interest in the outcome of this litigation.

Additionally, the recission of the vaccine mandate demonstrates that the Government cannot satisfy strict scrutiny. Therefore, Plaintiff has a likelihood of succeeding on the merits of his claim arising under RFRA. Due to the loss of his right to religious freedom, Plaintiff is suffering irreparable harm, warranting the requested injunction.

## ARGUMENT

### I.    This Appeal Is Not Moot.

Article III of the Constitution confines the federal courts to adjudicating actual "cases" or "controversies." U.S. Const. art. III, § 2. In an effort to give meaning to Article III's "case" or "controversy" requirement, the courts have developed several justiciability doctrines, including mootness. Mootness is often described as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v.*

*Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189-90 (2000) (internal quotation marks omitted).  Accordingly, "[t]he inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."  *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotations and citation omitted).

"The burden of demonstrating mootness is a heavy one."  *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted).  "A case becomes moot *only* when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party."  *Decker v. Nw. Envtl. Def. Ctr.*, 568 U.S. 597, 609 (2013) (internal quotations and citation omitted) (emphasis added).  As explained by the Supreme Court,

> [J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said *with assurance* that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have *completely and irrevocably eradicated the effects* of the alleged violation.  When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

*Cty. of L.A. v. Davis*, 440 U.S. at 631 (internal punctuation and citations omitted) (emphasis added).

Thus, "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party. . . .  As long as the parties

- 5 -

have a concrete interest, *however small*, in the outcome of the litigation, the case is not moot." *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-08 (2012) (internal punctuation and citations omitted) (emphasis added).

In *Knox*, for example, the Supreme Court found that the case was not moot, observing as follows:

> The District Court ordered the SEIU to send out a "proper" notice giving employees an adequate opportunity to receive a full refund. . . . Petitioners argue that the notice that the SEIU sent was improper because it includes a host of "conditions, caveats, and confusions as unnecessary complications aimed at reducing the number of class members who claim a refund." . . . In particular, petitioners allege that the union has refused to accept refund requests by fax or e-mail and has made refunds conditional upon the provision of an original signature and a Social Security number. . . . As this dispute illustrates, the nature of the notice may affect how many employees who object to the union's special assessment will be able to get their money back. The union is not entitled to dictate unilaterally the manner in which it advertises the availability of the refund.
>
> For this reason, we conclude that a live controversy remains, and we proceed to the merits.

*Knox*, 567 U.S. at 308. Thus, *any* concrete interest, however small, in the outcome of the litigation prevents the case from becoming moot.

Here, neither the FY23 NDAA nor the Secretary's memorandum restores the status *quo ante*. Neither restores Plaintiff to his full status as a Navy SEAL. Neither acknowledges that the vaccine mandate was unlawful. Neither remedies the stigma and harm to his reputation Plaintiff is suffering for being accused of committing "a serious offense" and being denied the opportunity to fully serve as a

Navy SEAL.[2]    Neither prevents the vaccine mandate from being reinstated.

Neither prevents punishment other than separation or adverse paperwork.[3]   Neither

ends the discriminatory treatment of Plaintiff on account of his religious objection

to the vaccine mandate.  For example, neither the FY23 NDAA nor the Secretary's

memorandum prevents Plaintiff from losing operational, training, and travel

opportunities, which also adversely affects his eligibility for promotion, pay (*e.g.*,

special duty pay, including jump, dive, hazard duty, and Advanced Inceptive Pay

received by Navy SEALs in good standing), and other related benefits.   Thus,

neither the FY23 NDAA nor the Secretary's memorandum does anything to

remedy these ongoing harms.   In fact, the Secretary's memorandum expressly

exempts such remediation by leaving in place these "policies, procedures, and

---

[2] Refusing to adjudicate Plaintiff's claims is affirmation that the government did nothing wrong and that Plaintiff is a disobedient lawbreaker for violating a lawful order.  *See Foretich v. United States*, 351 F.3d 1198, 1214 (D.C. Cir. 2003) (acknowledging that "reputational injury" may derive "directly from government action" and that this injury may be redressed by equitable relief); *see also Singh v. Berger*, No. 22-5234, 2022 U.S. App. LEXIS 35562, at *49-50 (D.C. Cir. Dec. 23, 2022) (granting preliminary injunction and noting the harm caused by "the 'indignity' of being unable to serve") (internal citation and quotations omitted); *see also Elzie v. Aspin*, 841 F. Supp. 439, 443 (D.D.C. 1993) (granting preliminary injunction and noting the harm caused by being "labeled as unfit for service").

[3] Article 15 of the UCMJ provides for a broad range of punishments, including loss of pay, reduction in rank, correctional custody, extra duties, and increased restrictions.  *See* Unif. Code Mil. Justice art. 15.

processes." (Sec'y Def. Mem. at 2). Consequently, Plaintiff has a concrete interest in the outcome of this case *and* this appeal.[4]

In *Knox*, the Court also noted that

[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). *And here, since the union continues to defend the legality of the Political Fight-Back fee, it is not clear why the union would necessarily refrain from collecting similar fees in the future*.

*Knox*, 567 U.S. at 307 (emphasis added).

When a party seeks to escape liability by claiming that it has voluntarily ceased the offending conduct, "the *heavy burden* of persuading the court that the challenged conduct cannot reasonably be expected to start up again *lies with the party*" seeking to avoid liability. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (internal quotations and citation omitted) (emphasis added).

As the Supreme Court noted, not only is a defendant "free to return to his old ways," *but also the public has an interest "in having the legality of the*

---

[4] (*See* JA 80, Navy SEAL 4 Decl. ¶ 35, R-19-1 ["Because I object to the vaccine mandate on religious grounds, I have been designated as nondeployable and removed from my operational unit, the government is denying me travel and training opportunities, and I now must face an adverse separation process, having been accused by the government of the 'Commission of a Serious Offense' for exercising my religion. Consequently, I am being punished now for exercising my religion. In other words, the government has already placed substantial burdens on my religious exercise."]).

*practices settled.*"  *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953) (emphasis added); *see also City of Mesquite*, 455 U.S. at 289, n.10.

Consequently, "[a]long with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct."  *W. T. Grant Co.*, 345 U.S. at 633.  Thus, a claim for injunctive relief may be improper only "if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'  The [defendant's] burden is a heavy one."  *Id.* (citation omitted).

As the Court concluded, denying a plaintiff prospective relief "would be justified only if it were *absolutely clear* that the litigant no longer had *any* need of the judicial protection that it sought."  *Adarand Constructors, Inc.*, 528 U.S. at 224 (emphasis added).

In his memorandum, the Secretary of Defense continues to defend his decision to order the vaccine mandate.  (Sec'y Def. Mem. at 1).  In his memorandum, the Secretary states that he was "deeply proud of the Department's work to combat the coronavirus disease of 2019," that "[t]he Department has helped ensure the vaccination of many Americans," that "[t]he Department *will continue to promote and encourage* COVID-19 vaccination for all Service members," that "[v]accination enhances operational readiness and protects the Force," and that "[a]ll commands have the responsibility and *authority* to preserve

the Department's compelling interests in mission accomplishment." (Sec'y Def. Mem. at 1) (emphasis added). As noted, the memorandum expressly does *not* rescind "standing Departmental policies, procedures, and processes regarding immunization." (Sec'y Def. Mem. at 2). And the FY23 NDAA was signed by the President for political reasons as he opposed "rolling back" the mandate. *See infra* n.8.

In the final analysis, this appeal is not moot as Plaintiff has an ongoing, concrete interest in its outcome. He continues to suffer the adverse effects for objecting to the vaccine mandate on religious grounds. The Government's recission of the mandate does not moot this case.

## II. The Recission of the Vaccine Mandate Proves that the Government Cannot Satisfy Strict Scrutiny.

Under RFRA, the government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a). RFRA protects "any exercise of religion." *Id*. at §§ 2000bb-2(4), 2000cc-5(7)(A). To justify a substantial burden on the free exercise of religion under RFRA, the government must demonstrate that the challenged action "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id*. at § 2000bb-1(b). In other words, the Government must satisfy strict scrutiny. *Gonzales v. O Centro Espírita Beneficente União do Vegetal*, 546 U.S. 418, 429

(2006) (stating that the "burden is placed squarely on the Government" to satisfy strict scrutiny).[5]

The Government does not challenge the fact that Plaintiff's religious beliefs are sincerely held, nor does it challenge the fact that the vaccine mandate substantially burdened his religious exercise.  (*See* JA 78, 104-05, R-19-1, Navy SEAL 4 Decl. ¶ 28, Ex. D [CNO Denial]; *id*., ¶ 24, Ex. B [Chaplain Review]).[6] Consequently, the only issue on the merits of this appeal is whether the Government can satisfy strict scrutiny, the "most demanding test known to constitutional law."  *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997).  "That standard 'is not watered down'; it 'really means what it says.'"  *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (internal citation omitted).

Per the Biden administration, the COVID "crisis" still exists.[7]  And his administration was opposed to "rolling back" the vaccine mandate.[8]  Yet, the

---

[5] Plaintiff is also advancing claims arising under the First and Fifth Amendments (Appellant's Br. at 41-48).  However, the RFRA claim is dispositive.

[6] Supreme Court precedent makes clear that the denial of benefits (*Thomas v. Review Board*, 450 U.S. 707, 717-18 (1981) (denial of unemployment benefits)), and adverse economic incentives (*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 722 (2014)), are sufficient to find a substantial burden on religious exercise.

[7] Fox News, "Biden administration extends COVID-19 public health emergency yet again," (Jan. 11, 2023) (available at https://www.foxnews.com/politics/biden-administration-extends-covid-19-public-health-emergency-again) (last visited Jan. 11, 2023).

[8] Washington Times, "Biden will sign NDAA despite repeal of the military vaccine mandate," (available at https://www.washingtontimes.com/news/2022/dec/19/biden-will-sign-ndaa-despite-its-repeal-military-v/) (last visited Dec. 26, 2022) ("Clearly the

President signed the FY23 NDAA for political reasons as he wanted to ensure passage of the huge spending bill.  Consequently, there is no basis for claiming that the mandate furthers "interests of the highest order."  *Tandon*, 141 S. Ct. at 1298 (stating that strict scrutiny "requires the State to further 'interests of the highest order'") (internal citation omitted).  The Government cannot satisfy strict scrutiny.

Because Plaintiff is being punished for his religious exercise, he will continue to suffer irreparable harm.  *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (holding that "a prospective violation of a constitutional right constitutes irreparable injury") (internal citation and quotations omitted); *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (concluding that "although the plaintiff's free exercise claim is statutory rather than constitutional, the denial of the plaintiff's right to the free exercise of his religious beliefs" is "irreparable harm").  An immediate injunction is appropriate and necessary.

## CONCLUSION

The Court should issue the requested injunction forthwith.

---

president was opposed to rolling back the vaccine mandate . . . ."); CNN, "House passes defense bill that rescinds military Covid vaccine mandate," (available at https://www.cnn.com/2022/12/08/politics/house-vote-ndaa-military-vaccine-mandate/index.html) (last visited Dec. 30, 2022) ("We continue to believe that repealing the vaccine mandate is a mistake.").

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (D.C. Court Bar No. MI 0052)
P.O. Box 131098
Ann Arbor, Michigan 48113
rmuise@americanfreedomlawcenter.org
Tel: (734) 635-3756

/s/ *David Yerushalmi*
David Yerushalmi, Esq. (D.C. Bar No. 978179)
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
dyerushalmi@americanfreedomlawcenter.org
Tel: (646) 262-0500
Fax: (801) 760-3901

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 32(a)(7), and the Court's *per curiam* order of January 11, 2023, the foregoing Brief is proportionally spaced, has a typeface of 14 points Times New Roman, and contains 2,999 words, excluding those sections identified in Fed. R. App. P. 32(a)(7)(B)(iii).

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq.

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.  I further certify that all of the participants in this case are registered CM/ECF users.

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq.

*Counsel for Plaintiff-Appellant*