ORAL ARGUMENT SCHEDULED FOR MARCH 17, 2023

# United States Court of Appeals for the District of Columbia Circuit

| | |
|---|---|
| NAVY SEAL 1, *et al.*,　　APPELLEES,<br><br>NAVY SEAL 4,　　APPELLANT,<br><br>V.<br><br>LLOYD J. AUSTIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF DEFENSE, *et al.*,　　APPELLEES. | CASE NO. 22-5114 |

### APPELLANT NAVY SEAL 4'S RESPONSE TO APPELLEES' CLAIM OF MOOTNESS

---

On February 28, 2023, the Government filed a letter in this appeal and in the associated appeal docketed as No. 22-5135, asserting that these appeals are moot. (DOJ Ltr.). On March 2, 2023, this Court directed "the appellants to file responses to the letter that explain why their appeals are not moot by Tuesday, March 7, 2023." (Order of Mar. 2, 2023). This is Appellant Navy SEAL 4's response.[1]

---

[1] The Clerk informed Appellant's counsel that the merits panel granted Appellant 5,000 words for his response.

- 1 -

In its letter, the Government asserts that "recent developments . . . further confirm that these appeals are moot." (DOJ Ltr. at 1-2). Per the Government, these "developments" are threefold. First, the Government cites two recent Ninth Circuit opinions concluding that the recission of the mandate mooted the preliminary-injunction appeals. (*Id*. at 1). Of course, neither decision is binding on this Court. And for the reasons stated below and in prior filings, it would be error for this Court to follow its sister circuit. Indeed, these decisions fail to provide any meaningful analysis of the issue.

Second, the Government informs this Court that Department of Defense guidance issued on February 24, 2023, purportedly "rendered in-operative 'any COVID-19 vaccination requirements or related theater entry requirements' in the military 'and any limitations on deployability of Service members who are not vaccinated against COVID-19,'" further "emphaz[ing]," with a foreign nations' entry requirement exception, that "military commanders can neither 'require a Service member or group Service member to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making <u>deployment</u>, <u>assignment</u>, and other <u>operational</u> decisions, *absent establishment of a new immunization requirement*' under a prescribed process ensuring that any new requirements must be 'justified by compelling operational needs . . . as narrowly tailored as possible.'" (*Id*. at 1-2) (emphasis added). Glaringly absent from this

litany of "decisions" is *promotions*. Also, it was not that long ago that the Government told the U.S. Supreme Court that mandating the COVID-19 vaccine was *crucial* for "deployment, assignment, and other operational decisions." *See Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022). Apparently, all it takes is a President who desperately wants to pass a huge spending bill to make such "compelling" interests evaporate overnight. (*See* Appellant's Supplemental Br. on Mootness at 11-12, n.8). Additionally, as this case demonstrates, the Government has *zero* credibility when comes to justifying a COVID-19 vaccination mandate with a compelling interest or narrowly tailoring it to advance its alleged interests.

And third, "on the same day, the Secretaries of the Navy and the Airforce issued guidance" mandating the removal of "any adverse information related to . . . COVID-19 vaccine refusal . . . from the service record." (*Id*. at 2). As the accompanying declaration of Navy SEAL 4 demonstrates, this gesture—which is undoubtedly a litigation ploy in a transparent attempt to render this case moot and to avoid a judicial determination that the mandate is unlawful—is far too little and too late. (*See* Navy SEAL 4 Decl. ¶¶ 5-10 attached as Ex. 1).[2]

---

[2] For operational and personal safety reasons, Navy SEAL 4 was permitted to proceed pseudonymously in the court below. (Order Granting Mot., Mar. 11, 2022). Consequently, his identifying information (*i.e.*, name and signature) was redacted from his declaration. Appellant's counsel can vouch for the authenticity of the document. Additionally, an unredacted copy of this declaration was served on Government's counsel via email, per the parties' usual practice in the district court.

These "recent developments" cited by the Government are the offspring of the recission of the vaccine mandate by the President for purely political reasons as the President opposed "rolling back" the mandate but nonetheless wanted the huge spending bill to pass as he cared more about political fallout than he cared about keeping the mandate in place (thus eviscerating any compelling interest for the mandate).[3] (*See* Appellant's Supplemental Br. on Mootness at 11-12, n.8).

Since the President signed the FY 23 NDAA, the Government has engaged in a slow drip, walking back of the mandate in a vain effort to erase not only its existence but its ongoing and harmful effects in what is clearly an effort to moot this litigation. But the Government has failed. Indeed, the Government adamantly refuses to acknowledge that the mandate—which seriously harmed numerous servicemembers, including Navy SEAL 4, for over a year and which continues to cause irreparable harm—was unlawful. The Government wants to have its cake and eat it too. In fact, the Government has emphasized that it will readily institute a very similar mandate whenever it pleases,[4] as if to tell the Court, "We know the easiest

---

[3] On December 23, 2022, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 (FY23 NDAA). Section 525 of the FY23 NDAA required the Secretary of Defense to rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 as issued in the Secretary's August 24, 2021 memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service members." Pub. L. No. 117-263, § 525 (Dec. 23, 2022), 136 Stat. 2395.

[4] As Appellant highlighted in his supplemental brief on mootness previously filed in this Court, in the Secretary of Defense's "recission" memo issued following the

way to get you to drop this political hot potato, avoid ruling on the legality of the mandate, and allow our vaccine mandate to live for another day is to claim that we are unwinding all the harm we did so you can simply opine that the case is moot." The Court should reject the invitation. Our brave servicemembers deserve better. Much better.

For more than a year, the Government kept in place a patently unlawful vaccine mandate, destroying the careers and reputations of brave and hardworking servicemembers, specifically including Navy SEAL 4, because these servicemembers dared to raise a religious objection to the mandate. Now, the Government has the gall to claim, "no harm, no foul." But there was a foul, and there certainly is harm—harm that is ongoing.

---

passage of § 525 of the FY23 NDAA, the Secretary states that he was "deeply proud of the Department's work to combat the coronavirus disease of 2019," that "[t]he Department has helped ensure the vaccination of many Americans," that "[t]he Department *will continue to promote and encourage* COVID-19 vaccination for all Service members," that "[v]accination enhances operational readiness and protects the Force," and that "[a]ll commands have the responsibility and *authority* to preserve the Department's compelling interests in mission accomplishment." (Appellant's Supplemental Br. on Mootness at 9-10 [citing the Sec'y Def. Mem. at 1-2] [emphasis added]). As noted, the memorandum expressly does *not* rescind "standing Departmental policies, procedures, and processes regarding immunization." *Id*. Moreover, nothing that the Government has submitted to this Court prevents the reissuing of the vaccine mandate. In fact, these "recent developments" plainly show that the Department of Defense retains the unilateral authority to establish "a new immunization requirement." (DOJ Ltr. at 1-2).

- 5 -

Far from making this case moot, the Government's actions—specifically including its "recent developments"—demonstrate that it cannot satisfy strict scrutiny. It is not a close call. Accordingly, the Court should proceed to the merits of this case, hold that the vaccine mandate violates the U.S. Constitution and the Religious Freedom Restoration Act, and enter the requested injunction.

"The burden of demonstrating mootness is a heavy one." *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted). "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party. . . . As long as the parties have a concrete interest, *however small*, in the outcome of the litigation, the case is not moot." *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-08 (2012) (internal punctuation and citations omitted) (emphasis added). As explained by the Supreme Court,

> [J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said <u>with assurance</u> that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have <u>*completely and irrevocably eradicated the effects*</u> of the alleged violation. When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

*Cty. of L.A. v. Davis*, 440 U.S. at 631 (internal punctuation and citations omitted) (emphasis added). Here, it cannot be said "with assurance that there is no reasonable expectation" that a similar vaccine mandate will issue. In fact, just the opposite is true. Throughout, the Government defends the mandate and tells us clearly that it

retains the absolute authority to establish "a new immunization requirement." Additionally, the recission of the mandate has not "completely and irrevocably eradicated [it] effects" on servicemembers, specifically including Navy SEAL 4, who have suffered and continue to suffer because they objected to the mandate on religious grounds.

More specifically, Appellant continues to suffer financial harm and harm to his career and reputation because he objected to the mandate on religious grounds. (Navy SEAL 4 Decl. ¶¶ 5-10). Appellant was deprived of special duty pay he would have received but for his religious objection to the vaccine mandate. (Navy SEAL 4 Decl. ¶ 9 [losing approximately $9,000 in special duty pay]). Supreme Court precedent makes clear that the denial of benefits (*Thomas v. Review Board*, 450 U.S. 707, 717-18 (1981) (denial of unemployment benefits)), and adverse economic incentives (*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 722 (2014)), are cognizable harms that are sufficient to find a substantial burden on religious exercise. And this burden on religious exercise constitutes irreparable harm as a matter of law. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (holding that "a prospective violation of a constitutional right constitutes irreparable injury") (internal citation and quotations omitted); *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d

Cir. 1996) (concluding that "although the plaintiff's free exercise claim is statutory rather than constitutional, the denial of the plaintiff's right to the free exercise of his religious beliefs" is "irreparable harm").

None of the prior nor more "recent developments" remedy this financial harm nor do they remedy the stigma and reputational harm Appellant is suffering as a result of his refusal to comply with the mandate. This harm will continue to adversely affect Appellant and his career. (Navy SEAL 4 Decl. ¶¶ 5-10). Refusing to adjudicate Appellant's claims is affirmation that the Government did nothing wrong and that Appellant violated a lawful order, thus allowing this reputational harm and stigma to continue.

Reputational harm constitutes a tangible and concrete injury that can be redressed by equitable relief.[5] *See, e.g., Foretich v. United States*, 351 F.3d 1198, 1214 (D.C. Cir. 2003) (acknowledging that "reputational injury" may derive "directly from government action" and that this injury may be redressed by equitable

---

[5] As stated in the First Amended Complaint:
> A judicial determination that the enforcement of the Vaccine Mandate against Plaintiffs violates the U.S. Constitution and RFRA would redress the stigma and reputational injury of which Plaintiffs complain in ways in which no administrative procedure could remedy, and it will provide protection from future harm by declaring such mandates unlawful. Neither administrative procedures nor administrative remedies can fully redress the harm caused by the Vaccine Mandate and its enforcement against Plaintiffs.

(R-43, First Am. Compl. ¶ 81).

relief); *Singh v. Berger*, 56 F.4th 88, 110 (D.C. Cir. 2022) (granting a preliminary injunction and noting that "[e]ach day that the Marine Corps refuses to let them take the oath of enlistment unless they surrender their faith inflicts an irreversible and irreparable harm" as "[t]hey are forced daily to choose between their religion" and "the performance of [the] supreme and noble duty of contributing to the defense of the rights and honor of the nation," and are thus "subjected to the 'indignity' of being unable to serve") (internal citation omitted); *Elzie v. Aspin*, 841 F. Supp. 439, 443 (D.D.C. 1993) (holding that the plaintiff would suffer irreparable injury in the absence of preliminary injunctive relief because he "faces the stigma of being removed from active duty as a sergeant in the Marine Corps—a position which he has performed in a sterling fashion for eleven years—and labeled as unfit for service solely on the basis of his sexual orientation"); *see also NCAA v. Governor of N.J.*, 730 F.3d 208, 220 (3d Cir. 2013) ("As a matter of law, reputational harm is a cognizable injury in fact."); *Gully v. NCUA Bd.*, 341 F.3d 155, 161-62 (2d Cir. 2003) (stating that "[t]he Supreme Court has long recognized that an injury to reputation" is an injury in fact); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 542-43 (3d Cir. 2007) (finding standing to challenge a sanction that "affect[s] [the plaintiff's] reputation").

As a direct result of his religious objections to the vaccine mandate, Appellant is suffering reputational harm and stigma, causing further harm to him and his career

- 9 -

as a Navy SEAL. (Navy SEAL 4 Decl. ¶¶ 5-10). As noted, this harm is irreparable, and it can be remedied by preliminary injunctive relief. *See Foretich*, 351 F.3d at 1214; *Kroupa v. Nielsen*, 731 F.3d 813, 820 (8th Cir. 2013) (citing *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002)) ("Because damage to one's reputation is a harm that cannot be remedied by a later award of money damages, the threat of reputational harm may form the basis for preliminary injunctive relief."); *see generally Pappan Enters. v. Hardee's Food Sys.*, 143 F.3d 800, 805 (3d Cir. 1998) ("The second factor a court must consider before granting preliminary injunctive relief is the extent to which plaintiff will suffer irreparable injury if preliminary injunctive relief is denied. Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill."); *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 546 (7th Cir. 2021) (citing *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 680 (7th Cir. 2012)) ("And it is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm.").

Here, the Court could find that Appellant has established a substantial likelihood of succeeding on the merits of his challenge to the mandate and enjoin "any adverse or retaliatory action" caused by Appellant's religious objection to this mandate.[6] This relief could include ordering the Government to insert a copy of the

---

[6] Appellant seeks "a preliminary injunction enjoining the Government from (1) enforcing against Navy SEAL 4 any order or regulation requiring COVID-19 vaccination and (2) from *instituting or enforcing any adverse or retaliatory action*

Court's decision in Appellant's official service record, demonstrating that a federal court has concluded that Appellant's religious objection was lawful and that no adverse or retaliatory actions (inferences or implications) may come from it. Should such adverse or retaliatory actions occur, Appellant could seek immediate redress in this Court for a violation of the Court's order via contempt proceedings or otherwise. This Court order could take the place of Appellant's adverse fitness report (or augment any replacement) and thus explain the strange gap in his reporting period. Per the sworn declaration of Appellant:

> [E]ven if the adverse fitness report I received due to my religious objection to the mandate is excluded from my official service record, I will have a gap in my reports that itself will be adverse. The only explanation for this reporting period gap (in which I was not deploying, training, or operational—factors/milestones necessary for advancement and promotion—due to my non-vaccinated status) is my refusal to get vaccinated, which violated a "lawful" order. Absent a court order justifying my refusal, there is no record that the mandate was unlawful and that it violated my sincerely held religious beliefs. In other words, absent a favorable court decision, the explanation for the missing fitness report/operational gap in my reporting period is my refusal to follow the "lawful" order mandating vaccination. Consequently, my career and my reputation as a Navy SEAL will forever be harmed absent court action.

(Navy SEAL 4 Decl. ¶ 10).

---

against Navy SEAL 4 as a result of, arising from, or in conjunction with Navy SEAL 4's religious objection to the COVID-19 vaccination mandate, his request for a religious exemption from the vaccine mandate, or pursuing this action or any other action for relief under RFRA or the First and Fifth Amendments." (R-14, Pl.'s Mot. for Prelim. Inj. at 2) (emphasis added).

In sum, none of the prior nor more "recent developments" have *"completely and irrevocably eradicated the effects* of the alleged violation." *Cty. of L.A. v. Davis*, 440 U.S. at 631. The appeal is not moot.

Additionally, this appeal is not moot under the voluntary cessation exception to mootness. As noted by the Supreme Court in *Knox*:

> [t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). *And here, since the union continues to defend the legality of the Political Fight-Back fee, it is not clear why the union would necessarily refrain from collecting similar fees in the future*.

*Knox*, 567 U.S. at 307 (emphasis added). Here, the Government continues to defend the legality of the vaccine mandate. In fact, the Government has expressly stated that it would **_not_** *refrain* from issuing a similar mandate in the future. (*See supra*). Accordingly, the voluntary cessation exception to mootness applies here because not only is the Government "free to return to [its] old ways," but also the public has an interest "in having the legality of the practices settled." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). Thus, "[a]long with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct." *Id.* at 633. The appeal is not moot.

## CONCLUSION

The appeal is not moot. The Court should proceed to the merits and issue the requested injunction forthwith.

>Respectfully submitted,
>
>AMERICAN FREEDOM LAW CENTER
>
>/s/ *Robert J. Muise*
>Robert J. Muise, Esq. (MI P62849)
>PO Box 131098
>Ann Arbor, Michigan 48113
>Tel: (734) 635-3756; Fax: (801) 760-3901
>rmuise@americanfreedomlawcenter.org
>
>*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to the direction received from the merits panel authorizing a response not to exceed 5,000 words, the foregoing is proportionally spaced, has a typeface of 14 points Times New Roman, and contains 3,067 words.

                                      AMERICAN FREEDOM LAW CENTER

                                      /s/ *Robert J. Muise*
                                      Robert J. Muise, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I further certify that all of the participants in this case are registered CM/ECF users.

                              AMERICAN FREEDOM LAW CENTER

                              /s/ *Robert J. Muise*
                              Robert J. Muise, Esq.

# EXHIBIT 1

USCA Case #22-5114 Document #1988938 Filed: 03/07/2023 Page 16 of 20

ORAL ARGUMENT SCHEDULED FOR MARCH 17, 2023

# United States Court of Appeals for the District of Columbia Circuit

| | |
|---|---|
| NAVY SEAL 1, *et al.*,<br><br>    Appellees,<br><br>NAVY SEAL 4,<br><br>    Appellant,<br>v.<br><br>LLOYD J. AUSTIN, in his official capacity as Secretary of Defense, *et al.*,<br><br>    Appellees. | Case No. 22-5114 |

### DECLARATION OF NAVY SEAL 4

I hereby make this declaration pursuant to 28 U.S.C. § 1746 and based on my personal knowledge, information, and belief.

1. I am an adult citizen of the United States and Appellant Navy SEAL 4 in this case.

2. I am on active duty in the U.S. Navy and a member of the U.S. Navy Sea, Air, and Land Teams, commonly known as Navy SEALs. SEALs are the U.S. Navy's primary special operations force, and they are a component of the Naval Special Warfare Command.

3. I have honorably served on active duty in the U.S. Navy for over 17 years, serving approximately 13 of those years as a Navy SEAL.

4. I am currently assigned to the Naval Special Warfare Development Group, which is located in Virginia.

5. Because I objected to the military vaccine mandate on religious grounds, I was removed from my operational SEAL team and placed in a temporary training detachment. In other words, I was punished and essentially placed in a "time out." Being removed from my team was degrading and demoralizing, particularly since I was removed as a result of my sincerely held religious beliefs.

6. This reputational harm was exacerbated by the fact that I received an adverse fitness report, and I was formally accused by my Command of the "Commission of a Serious Offense" for exercising my religious beliefs. I was formally notified, and it is part of my official service record, that I would be separated "by reason of Misconduct –Commission of a Serious Offense . . . [a]s evidenced by [my] refusal of the COVID-19 vaccination."

7. The Naval Special Warfare Command is a small command. It is also a small community. Most, if not all, of my Command, including my peers, are aware of these "black marks" on my career and service record. Promotions are very competitive. My religious objection to the vaccine mandate has put me at a grave disadvantage for career advancement and promotion.

8. As a direct result of my religious objection to the mandate, I lost over a year's worth of deployments, operations, and training. This loss of operational experience will continue to harm my career, specifically including my opportunities for advancement and promotions. As a result of this lengthy "time out," I have been unable to meet certain milestones necessary for career advancement and promotion.

9. In addition, during the time that I was removed from my operational unit due to my religious objection to the mandate, I was ineligible for special duty pay, including Advanced Incentive Pay. As a result, I lost approximately $9,000 in special duty pay because I was exercising my sincerely held religious beliefs.

10. Moreover, even if the adverse fitness report I received due to my religious objection to the mandate is excluded from my official service record, I will have a gap in my reports that itself will be adverse. The only explanation for this reporting period gap (in which I was not deploying, training, or operational—factors/milestones necessary for advancement and promotion—due to my non-vaccinated status) is my refusal to get vaccinated, which violated a "lawful" order. Absent a court order justifying my refusal, there is no record that the mandate was unlawful and that it violated my sincerely held religious beliefs. In other words, absent a favorable court decision, the explanation for the missing fitness report/operational gap in my reporting period is my refusal to follow the "lawful" order mandating vaccination. Consequently, my career and my reputation as a Navy

SEAL will forever be harmed absent court action.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on the 6TH day of March 2023, in Virginia.

